UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ PENSION FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND, and BUILDING SERVICE 32BJ
SUPPLEMENTAL RETIREMENT AND SAVINGS
FUND



08 CV 2769
Judge Hellerstein

**COMPLAINT**

                             Plaintiffs,            08-CV-   (  )

    -against-

SKYSCRAPER CLEANING SERVICES OF NY, INC.,
SKYSCRAPER SERVICE CO. and SKYSCRAPER
MECHANICAL SERVICES OF NJ, INC.

                             Defendants.

------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension Fund ("Pension Fund"); Building Service 32BJ Legal Services Fund ("Legal Fund"); Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund") and Building Service 32Bj Supplemental Retirement and Savings Fund ("Savings Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against Skyscraper Cleaning Services of NY, Inc. ("Skyscraper New York"); Skyscraper Service Co ("Skyscraper New Jersey") and Skyscraper Mechanical services of NJ, Inc. ("Skyscraper Mechanical"), herein collectively referred to as "Defendants", respectfully allege as follows:

**NATURE OF ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee pre-paid legal services benefit fund, an employee training, scholarship and safety benefit fund and an employee supplemental savings benefit fund, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds and to permit and cooperate in the conduct of audits of the books and records of Defendants and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C.

§ 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, and pre-paid legal services and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6. A) Upon information and belief, at all times material hereto Defendant

Skyscraper New York was and continues to be a for-profit New York corporation doing business in various states of the United States, including the State of New York, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Skyscraper New York is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Skyscraper New York became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant Skyscraper New York's employees within the unit set forth in the Agreement with Union.

6.     B) Upon information and belief, at all times material hereto Defendant Skyscraper New Jersey was and continues to be a for-profit New Jersey corporation doing business in various states of the United States, including the State of New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Skyscraper New Jersey is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Skyscraper New Jersey became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant Skyscraper New Jersey's employees within the unit set forth in the Agreement with Union.

6.     C) Upon information and belief, at all times material hereto Defendant Skyscraper Mechanical was and continues to be a for-profit New Jersey corporation doing business in various states of the United States, including the State of New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an

employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Skyscraper Mechanical is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Skyscraper Mechanical became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant Skyscraper Mechanical's employees within the unit set forth in the Agreement with Union.

6.      D)      Upon information and belief Defendant Skyscraper New York, Defendant Skyscraper New Jersey and Defendant Skyscraper Mechanical are a "single employer" or a "joint-employer" as they constitute a single integrated employer employing the employees employed under the Agreement with the Union and they all possess the power to control the employees represented by the Union under the above described Agreement.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

7.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.      Pursuant to the Agreement, there became due and owing to Funds from Defendants benefit contributions for the period from April 1, 2005 to date.

9.      The Defendants have fallen delinquent in their monthly contributions owed to the Funds and since April 2007 none of the contributions contractually due to the Funds has been paid by the Defendants, although all contributions have been duly demanded and the Funds have been damaged in the amount of $311,774.89.

10.     The failure, refusal or neglect of Defendants to make the required contributions

to the Funds constitutes a violation of the Agreement between Defendants and the Union with respect to which the Funds are third-party beneficiaries.

11. Accordingly, Defendants are jointly and severally liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Defendants' books and records for the period April 1, 2005 to date, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF E.R.I.S.A. OBLIGATIONS BY DEFENDANTS)

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of E.R.I.S.A. (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of E.R.IS.A. (29 U.S.C. § 1145).

15. Section 502 of E.R.I.S.A. (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendants are liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages (liquidated damages), together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT OF DEFENDANTS' BOOKS AND RECORDS)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Defendants are obligated, pursuant to the terms of the Agreement, to permit and cooperate in the conduct of audits of the books and records of Defendants by the Funds.

19. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Defendants to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendants' books and records.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS)

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Pursuant to the terms and conditions of the Agreement, Defendants are required to timely pay submit benefit contributions and reports to the Funds, and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remains obligated to

do so pursuant to the Agreement.

22. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds and are currently in breach of their obligations under the Agreement. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreement.

23. The Funds have no adequate remedy at law to insure that Defendants will adhere to the terms of the Agreement.

24. As a result of Defendants' omissions and breaches of contract and violations of E.R.I.S.A., the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

25. The Funds will suffer immediate and irreparable injury unless Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendants remain obligated to do so pursuant to the Agreement.

26. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions

and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Agreement.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
#### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS)

27. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Pursuant to the provisions of E.R.I.S.A. and the Agreement, Defendants are required to timely pay and submit benefit contributions and/or reports to the Funds and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remains obligated to do so pursuant to the Agreement.

29. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds, and are currently in breach of their statutory obligations under E.R.I.S.A. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

30. The Funds have no adequate remedy at law to insure that Defendants will continue to adhere to their statutory obligations.

31. As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf

contributions are being made, all to their substantial and irreparable injury.

32. The Funds will suffer immediate and irreparable injury unless Defendants their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to E.R.I.S.A.

33. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating E.R.I.S.A. by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant, jointly and severally, for payment of all past due contributions in the amount of $311,774.89 for the period beginning April 1, 2005 to date.

b. against Defendants, jointly and severally, for payment of all contributions which become due during the pendency of this action;

c. against Defendants, jointly and severally, for accrued prejudgment interest on all contributions in accordance with E.R.I.S.A. § 502 (g)(2);

d. against Defendants, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2);

e. for an Order requiring Defendants, jointly and severally, to permit and cooperate in the conduct of an audit of the books and records of Defendants, for the period April 1, 2005 to date, by the Funds;

f. for an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with applicable Agreement;

g. for an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with E.R.I.S.A. and the applicable Agreement;

h. for such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 10, 2008

RAAB, STURM, GOLDMAN & GANCHROW, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
317 Madison Avenue, Suite 1708
New York, New York 10017
(Tel.) 212-683-6699
(Fax) 212-779-8596